CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 1 9 2017
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 7:15CR00048-1 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JOSE MANUEL MORALES-HERNANDEZ ) | By: Michael F. Urbanski |
| Defendant. ) | United States District Judge |

Jose Manuel Morales-Hernandez, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Morales-Hernandez raises claims for ineffective assistance of counsel and court error. After reviewing the record and briefs from Morales-Hernandez and the government, the court concludes that Morales-Hernandez has not stated any meritorious claim for relief under § 2255 and that the government's motion to dismiss must be granted.

I.

On June 4, 2015, a federal grand jury charged Morales-Hernandez in six-count indictment with various drug-related crimes. Morales-Hernandez was appointed counsel. On April 19, 2016, Morales-Hernandez and the government entered into a plea agreement in which Morales-Hernandez agreed to plead guilty to conspiring to distribute more than 500 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A). Morales-Hernandez requested that he be represented by new counsel, and the court appointed the specifically named substitute counsel that Morales-Hernandez requested to represent him. Order at 1, ECF No. 186.

The court held a guilty plea hearing, which was translated into Spanish by a court interpreter for Morales-Hernandez. At the hearing, Morales-Hernandez affirmed that he

was "fully satisfied with the advice and representation" of counsel. Plea Hr'g Tr. at 3, ECF No. 245. Morales-Hernandez affirmed that he had received a copy of the indictment and plea agreement and had had an adequate opportunity to discuss both with counsel. Id. at 9-10. The government reviewed the essential terms of the plea agreement on the record and noted that Morales-Hernandez gave up his right to appeal and to collaterally attack his sentence except in limited circumstances. Id. at 13. Morales-Hernandez affirmed his understanding of the appellate and collateral attack waiver. Id. at 22-23. Morales-Hernandez affirmed that the government had made no other agreements or promises with him other than those contained in the plea agreement. Id. at 15. The court accepted his guilty plea after finding that Morales-Hernandez was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges against him, and that he understood the consequences of pleading guilty. Id. at 28.

The Presentence Investigation Report ("PSR") recommended a total offense level of 29, a criminal history category of I, and a resulting guideline imprisonment range of 87 to 108 months. PSR ¶ 66, ECF No. 232. A drug conspiracy conviction, like the one to which Morales-Hernandez pleaded guilty, imposes a statutory mandatory minimum sentence of 120 months' incarceration. 21 U.S.C. § 841(b)(1)(A). However, the PSR recommended that Morales-Hernandez be sentenced within the applicable guideline range because he qualified for safety valve relief under 18 U.S.C. § 3553(f)(1)-(5), which allows a defendant in a drug case to receive a sentence below the statutory mandatory minimum sentence if certain criteria are met.

A sentencing hearing was held on July 15, 2015 and an interpreter was provided to translate the proceedings into Spanish for Morales-Hernandez. The court began by asking whether Morales-Hernandez was still satisfied with his counsel, and he affirmed that he was. Sent. Tr. at 2, ECF No. 243. The government argued for a sentence of 95 months and defense counsel argued for a sentence of 87 months or below. The court adopted the PSR and sentenced Morales-Hernandez to 95 months' imprisonment. Id. at 20. At the sentencing hearing the court noted that Morales-Hernandez had waived the right to appeal, but if such a right does exist, "any notice of appeal must be filed within 14 days of the entry of judgment." Id. at 23.

Morales-Hernandez did not appeal. In his § 2255 petition, Morales-Hernandez argues that counsel failed to advise him of his right to appeal and did not provide him with a list of "free Spanish lawyer[s] that might assist me in my case." § 2255 Mot. at 3, ECF No. 235. In addition, Morales-Hernandez argues that the court erred because the sentence imposed did not take into account the substantial assistance that he provided to the government and was therefore, unreasonable.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Morales-Hernandez bears the burden of proving grounds for a

collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A. **Ineffective Assistance of Counsel Claims**

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability

4

sufficient to undermine confidence in the outcome." Id. To show prejudice following a guilty plea, a defendant must establish that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty but would have gone to trial instead. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Morales-Hernandez's claims of ineffective assistance of counsel do not satisfy Strickland's stringent requirements.

1. Failure to Advise of Right to Appeal

Morales-Hernandez first argues that he received deficient representation because counsel failed to advise him that he had the right to appeal. Morales-Hernandez does not claim that he asked counsel to note an appeal. Instead, he claims that he was never told that he had such a right in the first place. This claim lacks merit.

Morales-Hernandez was informed at numerous times throughout his case that he had a right to appeal. At the guilty plea hearing, he stated that he understood that by pleading guilty, he waived his right to appeal. Plea Hr'g Tr. at 22-23, ECF No. 245. The plea agreement that he signed, provided that he was waiving his right to appeal. Plea Agree. at 7-8, ECF No. 203. In addition, at the sentencing hearing, the court explained to Morales-Hernandez that he had waived the right to appeal, but if he had 14 days in which to file an appeal, if he was so inclined. Sent. Hr'g at 22-23, ECF No. 243.

Morales-Hernandez affirmed his understanding, under oath, that he was giving up his right to appeal. Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). In addition, Morales-Hernandez is bound by

5

his waiver, which was knowingly and voluntarily made. Id. at 220 ("[It] is well settled that a defendant may waive his right to appeal directly from his conviction and sentence" if the waiver is knowingly and voluntarily made. Moreover, after he was sentenced, the court noted that Morales-Hernandez had waived his right to appeal, but that any appeal taken must be filed within 14 days of the entry of judgment. Sent. Tr. at 23, ECF No. 243.

The record reflects that Morales-Hernandez was informed of his right to appeal and that he knowingly and voluntarily waived that right. Accordingly, he cannot successfully claim that counsel provided ineffective assistance by failing to inform him of that right. Strickland, 466 U.S. at 687.

### 2. Failure to Provide a List of Spanish Speaking Attorneys

Next, Morales-Hernandez argues that counsel's performance was deficient because she did not provide to him a list of free Spanish speaking lawyers who would assist him. Even assuming, arguendo, that this claim is true, counsel had no obligation to provide Morales-Hernandez with a list of Spanish speaking lawyers who would be interested in helping Morales-Hernandez on a pro bono basis.

At Morales-Hernandez's court appearances, the court provided him with Spanish interpreters. Plea Hr'g Tr. at 2, ECF No. 245; Sent. Hr'g Tr. at 2, ECF No. 243. Moreover, defense counsel stated at the guilty plea hearing that she had met with Morales-Hernandez on several occasions with an interpreter to discuss the indictment and proposed plea agreement. Plea Hr'g Tr. at 6, ECF No. 245. In addition, Morales-Hernandez affirmed at both his guilty plea and sentencing hearings that he was satisfied with counsel's representation. He makes no claim that he was not provided interpreters, that his counsel's

conduct was deficient, or that he would have received better representation through Spanish speaking counsel. Accordingly, Morales-Hernandez has failed to establish that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688.

### B. Substantial Assistance Motion

Finally, Morales-Hernandez argues that the court erred by failing to impose a lower sentence based on the substantial assistance that he provided to the government. Morales-Hernandez has waived his right to bring this claim. See Lemaster, 403 F.3d at 220 (noting that knowing and voluntary collateral review waivers are binding on defendants).

Moreover, the court cannot entertain this claim. Rule 35 allows the government to move for a sentence reduction when a defendant has provided substantial assistance in the investigation or prosecution of another person.[1] Fed. R. Crim. P. 35(b). The government has the power, but not the duty, to file a motion for a sentence reduction when a defendant substantially assists it. Wade v. United States, 504 U.S. 181, 185–87 (1992); United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). Because the Government has no obligation to file a Rule 35(b) motion, even if the defendant renders substantial assistance, courts generally

---

[1] Rule 35(b) provides:

(b) Reducing a Sentence for Substantial Assistance.
    (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
    (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
        (A) information not known to the defendant until one year or more after sentencing;
        (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
        (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
Fed. R. Crim. P. 35.

7

lack authority to review the government's decision not to file such a motion. Wade, 504 U.S. at 186. The Supreme Court has recognized three exceptions allowing for district court review: (1) if the Government obligated itself in the plea agreement to file a motion; (2) if the decision not to file a motion is based on an unconstitutional motive; or (3) "if the prosecutor's refusal to move was not rationally related to any legitimate government end." Id. at 185-87; Butler, 272 F.3d at 686.

In this case, Morales-Hernandez's Plea Agreement noted that the government retained the right to file a motion requesting a reduction based on substantial assistance, but did not obligate it to do so. United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). He argues, however, that he entered into a "verbal contract" with the government, in which the government promised to reduce his sentence if he cooperated. To the extent that he is arguing that a promise was made outside the written plea agreement, that argument is contradicted by his acknowledgment, under oath during the guilty plea colloquy, that there were no other agreements or understandings between him and the government regarding the case. Plea Hr'g Tr. at 3, ECF No. 245. Accordingly, the first exception does not apply.

Morales-Hernandez has not suggested that the government is withholding a Rule 35(b) motion on the basis of an unconstitutional motive, such as race or religion. The Supreme Court has held that generalized allegations of an improper motive are not sufficient to trigger review of the government's decision not to file a Rule 35(b) motion. Wade, 504 U.S. at 186. "Neither a claim that a defendant merely provided substantial assistance nor additional but generalized allegations of improper motive will [justify] a remedy[,] discovery or an evidentiary hearing. A defendant has a right to the latter procedures only if he makes a

substantial threshold showing of improper motive." Id. Here, we do not have even a bald assertion of unconstitutional conduct, so the second exception does not apply.

Finally, Morales-Hernandez has failed to show that the government's decision not to file a motion for a reduction in his sentence was unrelated to a legitimate government purpose. See United States v. Haynes, 108 F.3d 1374, at *1 (4th Cir. Mar. 21, 1997) (unpublished) (noting that the defendant "fail[ed] to make a substantial threshold showing [that the Government's decision was not rationally related to a legitimate governmental objective] [r]ather, he merely offer[ed] a description of the extent of his assistance"). Morales-Hernandez has provided some limited description of his assistance. But that is not enough. Wade, 504 U.S. at 187; United States v. Scott, 103 F.3d 122, at *1 (4th Cir. Nov. 21, 1996) (unpublished) ("The threshold showing must transcend a mere recitation of the assistance provided by the defendant.").

Accordingly, Morales-Hernandez's claim that he deserves a downward departure pursuant to a Rule 35(b) motion is not subject to review and he is not entitled to relief on this claim.

## IV.

For the reasons stated herein, the court grants the government's motion to dismiss. Because Morals-Hernandez has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 18th day of June, 2017.

United States District Judge

9