CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 17 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA      Case No. 7:15-cr-00048-1

v.      MEMORANDUM OPINION

JOSE MANUEL MORALES-HERNANDEZ,      By:    Hon. Michael F. Urbanski
         Petitioner.                                  Chief United States District Judge

        Jose Manuel Morales-Hernandez, a federal inmate proceeding pro se, had filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and the court had dismissed it with prejudice after considering the United States' motion to dismiss.

        Approximately five weeks after the dismissal, Petitioner filed a Rule 60(b) motion that sought a remedy for perceived flaws in the adjudication of the § 2255 motion and also attacked the conviction and sentence. Pursuant to United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015), the court directed Petitioner to choose between pursuing relief about either the perceived flaws in the adjudication of the § 2255 motion or the conviction and sentence. The court noted that a failure to respond within ten days would result in the Rule 60(b) motion being dismissed without prejudice. When nothing was filed for more than a month, the court dismissed the Rule 60(b) motion without prejudice.

        Presently before the court is Petitioner's motion for reconsideration of the Order dismissing the Rule 60(b) motion without prejudice. Petitioner explains that his prison was on "lock down" due to a riot, and consequently, he was unable to timely respond. Furthermore, Petitioner explains that he wants to pursue only the claims attacking the conviction and sentence and not perceived flaws in the adjudication of the § 2255 motion. Finding it appropriate to do so, Petitioner's motion for reconsideration is granted, and the court vacates the Order dismissing the Rule 60(b) motion without prejudice.

On account of his election, the court deems the Rule 60(b) motion as amended to pursue relief only as to the conviction and sentence. Specifically, Petitioner alleges that the United States breached the guilty plea agreement and argues that he is entitled to a new plea hearing. The facts underlying this argument were known to Petitioner by the time he filed his first § 2255 motion.[1] Cf. United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014). Accordingly, the amended Rule 60(b) motion is construed as a second or subsequent attack on the conviction and sentence under 28 U.S.C. § 2255.

The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. See 28 U.S.C. § 2255(h). As Petitioner has not submitted any evidence of having obtained that certification, the court dismisses the construed § 2255 motion without prejudice as successive. Based upon the court's finding that Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 17th day of October, 2017.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[1] Indeed, Petitioner had presented such a claim in his § 2255 motion that the court dismissed as waived. See, e.g., United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

2